## WHITNEY ET AL. vs. LYON.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The testimony of a witness, not objected to, will outweigh the statements of the defendant in his account, so far as he charges the plaintiffs for the *amount* of his salary; but will be received as evidence of the credits he allows for money received.

This is an action to recover from the defendant the sum of $244 80, for moneys overdrawn by him as clerk of the plaintiffs, over and above his salary, which they allege was only $1000 per year.

The defendant sets up an account against the plaintiffs, charging them at the rate of $125 per month for eight months,

amounting to $1000; for which he prays judgment in recon-
vention.

On the trial, Harris, a clerk for plaintiffs, declared that
the defendant had received $911 46, which he knew as he
was the cash book-keeper; and that the latter acknowledg-
ed it in an account which he rendered to the plaintiffs, which
he (witness) produced; and in which he charges $125 per
month (or $1000) and gives credit for $911 46. Another
clerk of plaintiffs swears that the defendant told him his salary
was but $1000 a year.

The district judge was disposed to take the statement of the
defendant, rendered to the plaintiffs, as containing the true
account between them; especially as it was brought out in
evidence by the plaintiffs' witness. Judgment was given in
favor of the defendant for $88 54, and the plaintiffs appealed.

*Benjamin*, for the plaintiffs and appellants.

*Elwyn*, contra.

*Martin, J.* delivered the opinion of the court.

The plaintiffs are appellants from a judgment which con-
demns them to pay a balance on a reconventional demand of
the defendant.

This suit was instituted to recover the sum of $244 80, for
moneys which the plaintiffs allege were overdrawn and receiv-
ed by the defendant while in their employ as a clerk. He
pleaded a general denial and reconvened, claiming one thou-
sand dollars for eight months salary as levee and corresponding
clerk of the plaintiffs; being at the rate of one hundred and
twenty-five dollars per month.

On the trial the plaintiffs offered Harris, one of their clerks,
as a witness who proved that the defendant told him his salary
was only at the rate of one thousand dollars a year; and this
witness produced the account which the defendant had rendered
to the plaintiffs, in which he charged his salary at one hundred
and twenty-five dollars per month for eight months, and gave

EASTERN DIS
*April*, 1841.

WHITNEY ET AL.
vs.
LYON.

The testimony of a witness, not objected to, will outweigh the statements of the defendant in his account, so far as he charges the plaintiffs for the *amount* of his salary; but will be received as evidence of the credits he allows for money received.

credit for $911 46, which he had received; striking a balance of $88 54 in his favor. The district judge received this account as full evidence of what it contained on both sides, and gave judgment accordingly; notwithstanding the testimony of the plaintiffs' witness which was received without any objection, and showed that the defendant acknowledged he agreed to serve on a salary at the rate of one thousand dollars a year, instead of one hundred and twenty-five dollars per month, as charged in his account. This testimony not being objected to it is useless to enquire whether its admission could have been successfully resisted in contradiction of the written evidence under the defendant's own hand, produced by the plaintiffs.

The judge *a quo* in our opinion ought to have considered this testimony and weighed it with the written evidence. This we have done, and find that the testimony of the witness preponderates over the written evidence resulting from the account.

The defendant acknowledges in his account to have received moneys of the plaintiffs amounting to $911 46 cents; and after deducting the amount due to him for his salary, during eight months, at the rate of one thousand dollars a year, amounting to $666 67, there remains a balance due to the plaintiffs of $244 79, and for which they are entitled to judgment.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment as in our opinion ought to have been given in the court below, it is ordered, adjudged and decreed that the plaintiffs do recover of the defendant, the sum of two hundred and forty-four dollars and seventy-nine cents; and that there be judgment against him on his plea in reconvention; he paying costs in both courts.